IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS CARIBE GARCIA**
   **Petitioner**

   **v.**

**UNITED STATES OF AMERICA**
   **Respondent**

**Civil No. 04-1491 (PG)**
[Related to Criminal No. 97-245 (PG)]

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Luis Caribe-García (hereafter "Caribe"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on May 25, 2004 (**Docket No. 1**). The government filed its response and asked the Court to deny petitioner's motion (**Docket No. 13**). The matter was referred to the undersigned for Report and Recommendation (**Docket No. 2**). For the reasons set forth below, this Magistrate-Judge **RECOMMENDS** that the motion be **DENIED**.

**I.   Procedural and Factual Background**

On October 30, 1997, Caribe was charged along with twelve other individuals in a ten-count criminal indictment (Criminal No. 97-245(PG), Docket No. 1). A superseding indictment was filed on February 5, 1998. *Id.* at Docket No. 119. Caribe was charged in Count One of the superseding indictment with conspiracy to possess with intent to distribute multi-kilogram quantities of cocaine (in excess of 1,000 kilograms), heroin (in excess of five kilograms) and marihuana (in excess of 5,000 pounds) in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Trial commenced in September 1999 and after a 19-day jury trial and two days of deliberation, Caribe was found guilty of the charges brought in Count One. *Id.* at Docket Nos.

493, 497. At sentencing on December 15, 2000, the Court determined that Caribe had an adjusted offense level of 42 and a criminal history category of one. Caribe received a sentenced of 420 months of imprisonment, a supervised release term of eight years, and a special monetary assessment of $100.00. *Id.* at Docket No. 784. Judgment was entered the same day. *Id.*

Caribe and eight of his fellow defendants appealed their sentences and convictions. *Id.* at 785. Caribe raised the following issues on appeal: insufficiency of the evidence to establish a conspiracy or to link him to it individually; that the evidence obtained from wiretaps should have been suppressed and that the district court erred in refusing to hold a hearing in accordance with *Franks v. Delaware*, 438 U.S. 154 (1978), before it denied the motion to suppress the wiretap evidence; that the district court erroneously excluded impeachment evidence against Caribe; denial of defendant's right to cross-examine an impeachment witness; that the government failed to produce and concealed reports of debriefings from prior investigations that contained allegations about the impeachment witness; ineffective assistance of his trial counsel; that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); that the trial court erred in setting his base offense level at 38; that the trial court erred in determining the base offense level and increasing the same based on the possession of dangerous weapons; error in the Court's assessment of Caribe's role as a manager or supervisor in the drug organization; and that his right to a fair trial was violated because of excessive delay in his sentencing.

On February 7, 2003, after addressing the issues raised, the Appellate Court affirmed the judgment and the sentences as to Caribe and rejected each of his claims. *United States v. Nelson-Rodríguez*, 319 F.3d 12, 63 (1st Cir. 2003). Caribe then filed a petition for writ of certiorari to the

United States Supreme Court which was denied on June 16, 2003. *Caribe-García v. United States*, 539 U.S. 928 (2003).

Caribe now brings this § 2255 petition and requests that the Court hold an evidentiary hearing. **(Docket No. 1)**. He raises the following grounds which he asserts entitles him to § 2255 relief.

1. Expert testimony was needed in order to prove Caribe's involvement in the alleged conspiracy.

2. Caribe was entrapped as a matter of law.

3. The law of the case doctrine defining a "buyer/seller" relationship required that a jury instruction be given on the issue and this was not done.

4. The Court had to or must conduct a fact-finding hearing on the issue of Caribe's involvement in the drug conspiracy.

5. The drug quantity was not properly calculated.

6. The Presentence Investigation Report (PSR) was invalid.

7. Wiretap violations occurred.

8. No wiretap reports ("ten- day reports") were filed for Caribe as required pursuant to 18 U.S.C. § 2518(6).

9. Illegally obtained evidence was obtained through the wiretap pursuant to 18 U.S.C. § 3504.

10. There was unlawful interceptions of evidence upon the expiration of the wiretap when no extensions were obtained.

11. Caribe's trial counsel was ineffective for failing to conduct a proper investigation and secure all documentation from the government.

12. Caribe's appellate counsel was ineffective for failing to raise on appeal all the issues he had been requested.

13. Caribe's sentence was imposed in violation of *Blakely v. Washington,* 542 U.S.–, 124 S.Ct. 2531 (2004).

## II. Conclusions of Law

Pursuant to 28 U.S.C. § 2255 there are four grounds upon which a federal prisoner may base a claim for relief. The petitioner may allege that: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose such sentence; 3) the sentence was in excess of the maximum authorized by law; and, 4) that the sentence is otherwise subject to collateral attack. A federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ." 28 U.S.C. §2255. However, such a petition may be summarily denied where it contains mere bald assertions without specific factual allegations. *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992).

Additionally, if a motion fails to raise an issue cognizable under § 2255 or if the movant fails to make an adequate representation concerning cause and prejudice, a court may, in its discretion, deny the motion without conducting an evidentiary hearing. R. Governing Sec. 2255 Proceedings 4(b); *see also Barrett v. United States,* 965 F.2d 1184, 1186 (1st Cir.1992). Finally, even a facially adequate petition may be denied without a hearing where the alleged facts are

conclusively refuted by the files and records of the case. *Barrett,* 965 F.2d at 1186; *Lema v. United States*, 987 F.2d 48, 51-52 (1st Cir. 1993).

Caribe seeks an evidentiary hearing on his § 2255 motion. A prisoner who invokes § 2255 is not entitled to an evidentiary hearing as a matter of right. *See United States v. McGill,* 11 F.3d 223, 225 (1st Cir. 1993). "A hearing is not necessary where a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *See United States v. Carbone,* 880 F.2d 1500, 1502 (1st Cir. 1989) (internal quotations omitted). Additionally, the Rule for 2255 proceedings provide that if "it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates." R. Governing Sec. 2255 Proceedings 8.

In the present case an evidentiary hearing is unnecessary inasmuch as the record before the Court provides all the necessary information. Taking the facts alleged by Caribe as true, this Court may evaluate appellate counsel's failure to raise certain issues on appeal and trials counsel's actions or failure to act as matter of law, *Thompson v. Keohane,* 516 U.S. 99, 111 (1995) (citing *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052 (1984)), thus rendering an evidentiary hearing unnecessary. *Cf. United States v. McGill,* 11 F.3d 223, 225-26 (1st Cir. 1993) (placing burden on petitioner under § 2255 to establish need for evidentiary hearing). Accordingly, it is **RECOMMENDED** that Caribe's request for an evidentiary hearing be **DENIED**.

### A. Procedural Default

As noted above Caribe raises multiple grounds in his § 2255 motion. The government argues that Caribe's assignment of errors fails to present cognizable claims for relief and discusses

in detail several of the grounds raised by Caribe. The government further argues that several grounds raised by Caribe are not cognizable, inasmuch as these claims were not raised on direct appeal and as such Caribe has incurred procedural default. Accordingly, the government asks that the § 2255 motion be summarily dismissed.

Grounds Two (entrapment defense), Three, Four, Five (relating to sentencing adjustments) and Six[1](PSR) have not before been raised.[1] Because these issues are presented for the first time in this § 2255 motion, they are procedurally defaulted. Procedural default occurs when a defendant fails to raise a claim in a timely manner at trial or on appeal. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Berthoff v. United States,* 308 F.3d 124, 127-28 (1st Cir. 2002). To succeed on a procedurally defaulted claim, Caribe must establish that "some objective factor external to the defense" impeded his ability to construct or raise the issue at trial or on appeal. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). In this case, it is uncontested that Caribe did not raise these arguments on appeal. To overcome that procedural default, Caribe must establish "cause" to excuse his procedural default and prejudice resulting from the alleged errors, or that the failure to consider his claims will result in a fundamental miscarriage of justice. *See Sustache-Rivera v. United States,* 221 F.3d 8, 17 (1st Cir. 2000); *Levasseur v. Pepe,* 70 F.3d 187, 192 (1st Cir. 1995) (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)). Caribe has failed to make either showing. Indeed, Caribe has proffered nothing to establish cause nor has he asserted prejudice nor does he proffer any explanation as to why these claims were not previously raised.[2]

---

[1] Ground Twelve also was not previously raised, inasmuch as it addresses the issue of ineffective appellate counsel. This ground will be addressed separately. Ground Thirteen raises an issue under *Blakely v. Washington supra* which will also be addressed separately.

[2] Caribe makes a generic statement that appellate counsel did not raise all issues, but a reading of the appellate court's decision reveals that several other related issues were raised on appeal on behalf of Caribe.

More so, Grounds Two, Three, Four, Five and Six do not assert a cognizable constitutional or jurisdictional error or an error that resulted in a complete miscarriage of justice and as a result they are not cognizable under §§ 2255. *See Knight v. United States,* 37 F.3d 769, 772-74 (1st Cir. 1994). Accordingly, Caribe is not entitled to habeas relief as to Grounds Two, Three, Four, Five and Six by reason of procedural default.

Grounds One (arguing need of expert testimony), Seven, Eight, Nine, Ten (relating to the wiretap evidence) and Eleven (ineffective assistance of trial counsel) were raised on direct appeal and in Caribe's § 2255 motion. Ground One was raised as a sufficiency of evidence claim. Grounds Seven, Eight, Nine and Ten were raised under the issue that the evidence obtained from wiretaps should have been suppressed and that the district court erred in refusing to hold a hearing in accordance with *Franks v. Delaware*, 438 U.S. 154 (1978), before it denied the motion to suppress the wiretap evidence. Finally, Ground Eleven was raised as an ineffective assistance of trial claim. In each case, the U.S. Appellate Court for the First Circuit addressed and analyzed the issue. The Appellate Court rejected each claim and affirmed the judgment and conviction of Caribe.

It is well established that "[i]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. §§ 2255 motion." *Barrett v. United States,* 965 F.2d 1184, 1190 n. 11 (1st Cir. 1992) (citing *Dirring v. United States,* 370 F.2d 862, 864 (1st Cir. 1967). Accordingly, the claims raised in Grounds One, Seven, Eight, Nine, Ten and Eleven may not now be reviewed in this § 2255 motion.

### B.    Assistance of Appellate Counsel

In ground Twelve Caribe asserts that his appellate counsel was ineffective. In this vague claim he appears to argue that appellate counsel was ineffective in that she failed to raise on appeal all the issues that Caribe requested be appealed.

To succeed on an ineffective assistance of counsel claim, Caribe "has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Smullen v. United States*, 94 F.3d 20, 23 (1st Cir. 1996). In applying this test, first announced in *Strickland v. Washington*, 466 U.S. 668 (1984), "judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Hence, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a corollary, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Caribe must satisfy both prongs of the *Strickland* test in order to prevail on his claim of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). The burden placed on appellate counsel is significant, and courts are reluctant to second-guess tactical decisions. Nonetheless, appellate counsel are expected to cull from the many non-frivolous arguments the best and advocate only those. *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983). To show that appellate counsel was ineffective, Caribe must demonstrate that the ignored issues were clearly stronger than those advanced. *Smith v. Robbins,* 528 U.S. at 288. "Generally, only when

ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *See Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986). In addition to deficient performance by appellate counsel, Caribe must also establish prejudice as a result of the same. *Smith v. Robbins*, 528 U.S. at 288.

It takes only a reading of the Appellate Court's decision to determine that Caribe's counsel raised a number of issues in an effort to have Caribe's conviction and sentence overturned. While appellate counsel was not successful in his quest, it cannot be said that the representation of Caribe on appeal was ineffective.

It is therefore **RECOMMENDED** that the Motion for relief under 28 U.S.C. § 2255 on the basis of ineffective assistance of appellate counsel be **DENIED**.

### C. *Blakely* Doctrine

Caribe argues that his sentence was unconstitutionally imposed as a result of the United States Supreme Court's ruling in *Blakely v. Washington,* 542 U.S.– , 124 S.Ct. 2531 (2004). It is clear that *Blakely* was decided subsequent to the conclusion of Caribe's direct appeal. The First Circuit Court of Appeals issued its decision in Caribe's direct appeal on February 7, 2003, but *Blakely* was not decided until the following year, in 2004. Following *Blakely,* most courts that have considered the question of retroactivity, have found that *Blakely* is not to be applied retroactively. *See, e.g., Burrell v. United States,* 384 F.3d 22, 26 n. 5 (2d Cir. 2004) (movant was not entitled to a certificate of appealability on the question of whether *Apprendi* applied retroactively); *Humphress v. United States*, 398 F. 3d 855 (6th Cir., 2005); *McReynolds v. United States*, 397 F. 3d 479 (7th Cir., 2005); *In Re Anderson* 396 F. 3d 1336 (11th Cir., 2005); *Lilly v. United States,* 342 F.Supp.2d 532, 537 (W.D.Va. 2004). *See: Schriro v. Summerlin*, 124 S.Ct.

2519 (2004) ("In *Summerlin,* the Court found that *Ring v. Arizona,* 536 U.S. 584 (2002), a case that extended *Apprendi* to aggravating factors in capital cases, was a new procedural rule and was not retroactive. A similar analysis dictates the conclusion that *Blakely* announced a new procedural rule and is similarly non-retroactive.") (citation omitted); *accord Orchard v. United States,* 332 F. Supp. 2d 275 (D.Me. 2004); *see also cf. In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because *Blakely,* like *Ring,* is based on an extension of *Apprendi,* Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review).

Further, the United States Supreme Court's recent decision in *United States v. Booker,* 542 U.S.–, 125 S.Ct. 738 (2005), which holds that the Sixth Amendment principles of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S.– , 124 S.Ct. 2531 (2004), also applied to the United States Sentencing Guidelines, does not aid Caribe. Therein, the Court stated that *Booker* was to be applied retroactively to all cases pending on *direct review* or not yet final, *with no exception* for cases in which the new rule constitutes a "clear break" with the past. *Booker*, 125 S.Ct. at 769. (Court's emphasis).

Accordingly, Caribe is not entitled to relief under the holdings of either *Blakely* or *Booker*.

### III.    Conclusion

Based upon the foregoing analysis this Magistrate-Judge **RECOMMENDS** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Docket No. 1**) be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72(a) and Local Criminal Rule 157.1. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Local Rule Civ. Rule

72(d); Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 23rd day of April, 2005.

**S/AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**